UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID ADAMS #462766,

    Plaintiff,

v.

PATRICIA LEWIS, et al.,

    Defendants.

_____/

Case No. 2:23-cv-00218

Hon. Hala Y. Jarbou
Chief U.S. District Judge

## REPORT AND RECOMMENDATION

On December 26, 2023, Plaintiff – state prisoner David Adams – filed a motion for a temporary restraining order (TRO). (ECF No. 7.) Plaintiff moves under Fed. R. Civ. P. 65 for a temporary restraining order (TRO) requiring Defendant Medical Practitioner Patricia Lewis to treat his "substantial pains." (*Id.*)

Adams says that Lewis refuses to provide him with pain medication or treatment. (*Id.*, PageID.44.) Adams argues essentially that since he has notified the Court of this Eighth Amendment violation, something should be done to correct it. (*Id.*) Adams requests that the Court order a "blanket test" for food and general allergies with the results sent directly to the Court. (*Id.*) Adams believes that his "pains are being Engineered by Weaponized Food." (*Id.*)

On December 5, 2023, the Court issued a screening opinion and order. (ECF Nos. 5, 6.) In its Opinion, the Court noted that the allegations in Adams's complaint were conclusory and that it was a close question whether the Court should allow the case to proceed past screening. (ECF No. 5, PageID.34-35.)    Taking Adams's

allegations in the most favorable light to him, the Court allowed Adams's Eighth Amendment claim against Defendant Lewis to proceed. (*Id.*, PageID.35.)

Of particular importance here, the Court denied Adams's request for preliminary injunctive relief requiring Defendant Lewis to provide him with immediate medical treatment. (*Id.*, PageID.37.) The Court explained that Adams did not meet his burden of establishing that preliminary injunctive relief was appropriate. (*Id.*, PageID.39.) The Court found that Adams did not make a showing of a substantial likelihood of success, irreparable harm, or that the public interest weighed in favor of an injunction. (*Id.*) For those same reasons, it is recommended that the Court deny Adams's request for a TRO.

In seeking a TRO or preliminary injunctive relief, Adams bears a heavy burden. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978). TROs and preliminary injunctions constitute some "of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)).

As explained above, the Court had already denied Adams's motion for preliminary injunctive relief. Adams's motion for a TRO was brought after his motion for preliminary injunctive relief was denied. Under Rule 65(b)(1)(A), a TRO may issue where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). After a

TRO is issued by the Court without notice to an adverse party, the motion for a preliminary injunction must be set for hearing at the earliest possible time. Fed. R. Civ. P. 65(b)(3). Again, this Court has already denied Adams's request for a preliminary injunction on the issue he reasserts in his TRO request. In the time since this denial, Adams has not put anything on the record that changes this Court's evaluation of the propriety of such relief or provided any factual evidence that supports a new request for a TRO.

For the same reasons that the Court denied Adams's request for a preliminary injunction, it is recommended that the Court deny Adams's request for a TRO.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  December 28, 2023          /s/ *Maarten Vermaat*
                                    Maarten Vermaat
                                    U.S. MAGISTRATE JUDGE